UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

**DAVID DWAYNE SARGENT,**      ]
                               ]
   Plaintiff,              ]
                               ]
   vs.                     ]   CV 12-J-333-J
                               ]
**MICHAEL J. ASTRUE,**         ]
**Commissioner of the Social** ]
**Security Administration**,   ]
                               ]
   Defendant.

## MEMORANDUM OPINION

This matter is before the court on the record and briefs of the parties. The court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal and remand of the final decision of the Commissioner. All administrative remedies have been exhausted.

The plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging an inability to work since May 4, 2007, due to pain in his back, neck, shoulders, and legs, headaches and vasovagal syncope (R. 124-137). The applications were denied initially (R. 74-81) and again by an Administrative Law Judge on August 28, 2009 (R. 20-33). The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review (R. 1-3).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied. *See*

*Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988).  The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.  *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983).  However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir.1987).

*Lamb*, 847 F.2d at 701.  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir.1984).

The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The evidence before the court reveals that the plaintiff has had ongoing back pain since 1993 when he underwent surgery for a herniated nucleus pulposis at L5-S1 (R. 198-213).  His medical records then pick up more than ten years later, in 2004, with complaints of back pain and "nerves" (R. 238-241).  An EMG in December 2006 was completely normal (R. 272).  A MRI in May 2007 of plaintiff's cervical spine reflected only a minimal annular bulge of the C4-5 disc (R. 255).  Medical records from 2004-2007 reflect that the plaintiff complained of lower back pain, although in 2005 it was considered "controlled" (R. 217-235, 238-240, 323).  Opiod dependence is also noted in these records (R. 214, 323), although the plaintiff denied the same at his hearing (R. 56).  A CT of plaintiff's cervical

spine in September 2008, due to a car wreck in which plaintiff was driving, found no fracture or spondylolithesis (R. 339).

The plaintiff was sent for a consultative examination on July 25, 2007 (R. 278). Dr. George Evans noted plaintiff's chief complaints to be neck and lower back pain, shoulder pain, and muscle spasms in his back and legs (R. 278-280). His upper extremity muscle strength was normal, and he was able to perform fine and gross motor movements without difficulty, although he had decreased range of motion in his lower back and shoulders (R. 279).

At the hearing, the ALJ inquired of the Vocational Expert (VE) whether someone with the plaintiff's age, education and work experience, who is limited to light work with further limitations of no climbing of ramps or stairs, only occasional balancing, kneeling, crouching and crawling, occasional overhead reaching, and only simple, unskilled work with occasional contact with the public could perform any occupations (R. 69-70). The VE responded in the affirmative, and reported that jobs such as cleaning service employee, dining room attendant, and office helper all existed in significant numbers both in the State of Alabama and the national economy (R. 70). In the determination that the plaintiff was not disabled through the date of his decision, the ALJ included these limitations, and found the plaintiff's complaints of disabling pain only partially credible (R. 23, 307).

The plaintiff argues that the ALJ erroneously based the Residual Functional Capacity ("RFC") findings on her own "lay opinion." Plaintiff's memorandum, at 8-9. The Commissioner responds that the determination of a plaintiff's RFC is an administrative finding reserved to the Commissioner. Defendant's response, at 6. Clearly, determination of a RFC is within the requirements of an ALJ determination. *See e.g. Lewis v.*

*Commissioner*, 2012 WL 3535198 (11th Cir.2012) (citing 20 C.F.R. §§ 404.1520(e), (f), 404.1545(b)).

The plaintiff also argues that the ALJ failed to consider the plaintiff's allegations of pain pursuant to the 11th Circuit's three part pain standard. Plaintiff's memorandum, at 9. Proper application of the pain standard, used when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms, requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir.1995) (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991)).

While the standard requires objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, it does not require objective proof of the pain itself. Thus under both the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See 20 CFR §§ 404.1529 and 416.929. This same standard applies to testimony about other subjective symptoms. Furthermore, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote*, 67 F.3d at 1561. Therefore, if a plaintiff testifies he suffers from pain or other subjective symptoms at a level that would prevent work and he satisfies

the three part pain standard, he must be found disabled unless that testimony is properly discredited.

While the plaintiff here alleges disability due to pain, wholly lacking is any objective medical evidence that confirms the severity of the alleged pain arising from that condition or any evidence that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. Objective evidence of any ailment which could cause disabling pain is completely absent from the record. The sole indication of plaintiff's pain from the time he ceased working are his complaints about the same.[1]

Given the evidence presented to the ALJ and this court, the court cannot conclude the decision of the ALJ was against the weight of the evidence. Accordingly, the decision of the Commissioner must be affirmed.

Done, this 21st day of September, 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

[1] The plaintiff does cite to the records concerning his back surgeries in 1993, However, the plaintiff worked for 14 years post dating those surgeries, and the record reflects no degenerative condition or sudden injury which could explain plaintiff's inability to work beginning in 2007.